```
IN THE UNITED STATES DISTRICT COURT
  FOR THE SOUTHERN DISTRICT OF GEORGIA
            SAVANNAH DIVISION
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 406-014 |
| | * | |
| ARTHUR GAYNOR | * | |

## O R D E R

In the captioned criminal matter, Defendant Arthur Gaynor has filed a "Motion for Clarification" regarding whether his federal sentence should run concurrent to a later-imposed state sentence.

In 2006, Defendant pleaded guilty to possession of a firearm by a convicted felon, a violation of 18 U.S.C. § 922(g)(1), and possession of an unregistered short-barreled shotgun, a violation of 26 U.S.C. § 5861(d). On July 13, 2006, Defendant was sentenced to serve 115 months imprisonment on each count, to run concurrently. (Doc. 22.) After sentencing, Defendant was returned to state custody and, on October 30, 2006, was sentenced to serve a term of 36 months in state court, purportedly to run concurrent to his federal sentence. (Def.'s Mot. for Clarification, Doc. 25, at 2; see also Def.'s Ex. 1, Tr. of State Guilty Plea Colloquy, at 3-4 ("This is to run concurrent to any and all sentences . . . [a]s far as the State's concerned but that does not mean that

the Federal authorities are going to accept it that way.").)

Defendant's Judgment and Commitment Order in this case is silent as to whether his federal sentence is to run concurrent to any state sentence. When multiple terms of imprisonment are imposed at different times, as here, the terms are presumed to run consecutively unless the court orders otherwise. 18 U.S.C. § 3584(a). To the extent that Defendant seeks a modification of his sentence to reflect that the federal sentence is concurrent with a state sentence, this Court lacks the authority to do so. See 18 U.S.C. § 3582(c).[1]

Further, matters of credit for time served and other length of sentence determinations are better directed to the Bureau of Prisons ("BOP"), not this Court. Indeed, a request for a *nunc pro tunc* order of concurrency is tantamount to a request for post-sentencing leniency or clemency, which is "the proper domain of the executive branch, not the judicial branch." Hunter v. Tamez, 622 F.3d 427, 431 (5th Cir. 2010). In short, this is a decision within the discretion of the BOP.

In his motion, Defendant claims that he has exhausted his administrative remedies with the BOP. If this is true, Defendant may mount a judicial challenge to the BOP's decision by filing a civil action under 28 U.S.C. § 2241 in the

---

[1] Section 3582(c) provides limited exceptions to this general rule, none of which apply to this case.

2

district and division of his confinement, paying the filing fee or moving to proceed in forma pauperis, and naming the warden as respondent. Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991); see also United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000) ("A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies."). Here, Defendant is incarcerated at the Federal Correctional Institution in Jesup, Georgia, which is located in the Brunswick Division of the Southern District of Georgia. Accordingly, Defendant may file his § 2241 petition with the Clerk of Court in that division: Clerk, United States District Court, Brunswick Division, P.O. Box 1636, Brunswick, GA 31521.

Upon the foregoing, Defendant's motion for clarification in this criminal case (doc. 25) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 26th day of July, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA